8/29

RECEIVED
AUG 1 2017
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re:  Maria DelCarmen Ramos | ) | |
| | ) | Case No. 16-14859 |
| | ) | |
| Debtor | ) | Chapter:  13 |

## ANSWER TO DEBTOR'S MOTION TO ENFORCE THE AUTOMATIC STAY
## AND OBTAIN SANCTIONS FROM THE CO-DEBTOR
## FOR VIOLATION OF THE STAY

COMES NOW, the co-debtor, Juan C. Rugliancich, Sr., by and through his counsel, Julie

D. Kalinkos, Esquire, and files this Answer to debtor's motion to enforce the automatic stay and

obtain sanctions and in support thereof, avers the following:

1.     Admitted.  It is admitted that Debtor, (hereinafter "Wife"), commenced this action

on or about June 25, 2016. By way of further answer, it is averred that on or about November 4,

2015, Debtor and co-debtor, (hereinafter "Husband), entered into a Property Settlement

Agreement, whereby the parties settled all issues pertaining to property rights, with Wife to

retain the marital home.

2.     Admitted.

3.     Admitted. By way of further answer, it is averred that under the terms of the

Property Settlement Agreement, (hereinafter "the Agreement"), signed by the parties almost

eight (8) months prior to the filing of the bankruptcy petition, Husband should not have been

responsible on any of Wife's obligations, had Wife fulfilled her duties under the Property

Settlement Agreement.

4.     Denied.  It is denied that the pending divorce matter was filed by Husband.  To

the contrary, a review of the Bucks County docket shows that Wife filed the divorce action on

57

May 8, 2014.  A true and correct copy of the divorce action docket is incorporated herein,

attached hereto and marked Exhibit "A".

     5.     Denied.  It is denied that the petition filed by Husband in the Bucks County Court

of Common Pleas required relief from the automatic stay provisions of the Bankruptcy Court.  By

way of further answer, it is believed and therefore averred that Husband was within his right to

file the petition, as expressed by the Honorable Brian T. McGuffin, both in conference with both

parties' counsel, and in open court on June 30, 2017.  A true and correct copy of the transcript

from the June 30, 2017 proceeding before the Honorable Brian T. McGuffin is incorporated

herein, attached hereto and marked Exhibit "B".  A copy of this pleading as well as the

underlying petition of Wife has been provided to Judge McGuffin.

     6.     Denied.  It is denied that finalizing equitable distribution in the state court action

would have had any impact on the property of the bankruptcy estate as title to the marital home

was remaining in Wife's name  (the Debtor), Wife was not required to sign the deed and

therefore the property would not have been removed from the bankruptcy estate.

     7.     Denied.  It is denied that Wife's attorney informed undersigned counsel of the

need for relief from the stay.  To the contrary, and by way of further answer, Wife's attorney

only discussed the possibility of the need for relief from the stay. This understanding is reflected

in communications from undersigned counsel to Wife's attorney, as evidenced by emails of

March 22, 2017 and April 6, 2017. True and correct copies of said emails are incorporated

herein, attached hereto and marked Exhibit "C".

     8.     Admitted.

     9.     Admitted.  By way of further answer, undersigned counsel's letter to the state trial

court dated June 8, 2017, sets forth the reasons why Husband's petition was proper and did not

violate the stay in bankruptcy court. A true and correct copy of said letter is incorporated herein, attached hereto and marked Exhibit "D".

10.    Admitted.  It is admitted that the trial court believed that Husband was within his rights to have filed the petition that was heard on June 30, 2017 and affirmatively stated so, as evidenced by the Transcript of Proceedings attached as Exhibit "B".

11.    Denied.  It is denied that Husband's actions caused Wife to unnecessarily expend resources.  To the contrary, it was Wife's counsel's refusal to act in a timely manner under the Agreement signed almost eight (8) months before the filing of the bankruptcy as well as Wife's counsel's continued refusal for almost six (6) months to provide any documentation or take any action that necessitated and left Husband with no recourse but to file his petition. It is further averred that Wife's counsel, by his own admission before the state trial court, was the only one who could properly have requested relief from the stay, which he refused to do, necessitating Husband to file his petition. See page 7, lines 5-7 of the Transcript of Proceedings, attached as Exhibit "B"

12.    No responsive pleading is required as the averments of this paragraph contain information and beliefs not within Husband's knowledge.

13.    Denied. It is denied that Wife has incurred damages as a result of the proceeding in state court.  By way of further answer, it is believed and therefore averred that Wife and her counsel's inaction is the reason for any counsel fees incurred by Wife.

14-16. No paragraphs with these numbers are included in Wife's motion before the Court and therefore no responsive pleading is being made.

17.    No responsive pleading is required as the averments of this paragraph contain opinions of Wife and her counsel.

18.    Denied. It is denied that undersigned counsel did anything improper for which sanctions should be imposed.  To the contrary, it is Wife's counsel who has acted in a manner intended to impose hardship on Husband by withholding the mailing of the within Motion for four (4) days, causing it to be received in an untimely manner, with only one (1) week for an answer to be prepared and received by the Court. This intentional delay is evidenced by the fact that his letter of June 18, 2017 sent via fax, did not include a copy of the Motion but instead stated that the Motion was being sent via hard copy by regular mail. The Motion was then not mailed until four (4) days later, on June 21, 2017, a Friday, thus ensuring that undersigned counsel would not receive it until the following week, leaving only one (1) week in which to respond. True and correct copies of Wife's attorney's letter and the postmarked envelope are incorporated herein, attached hereto and marked Exhibit E". As a result of Wife's counsel's intentional and malicious manipulation of these proceedings, it is believed and therefore averred that it is he who should be sanctioned.

WHEREFORE, it is respectfully requested that this Honorable Court dismiss Debtor's Motion herein.

Respectfully submitted,

KALINKOS LAW OFFICES
By: Julie D. Kalinkos, Esquire
Attorney I.D.No. 55319
441 South West End Blvd.
P.O. Box 611
Quakertown, PA  18951
(215) 536-2844

**VERIFICATION**

I, Juan C. Rugliancich, Sr., verify that the statements made in the foregoing pleading are true and correct as to my personal knowledge, understanding and belief.  I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

Date: 7-31-17

_____
Juan C. Rugliancich, Sr.

**EXHIBIT "A"**

http://propublic.co.bucks.pa.us/PSI/v/detail/Case/596671

## Case #2011-63115

| | |
|---|---|
| Case Number | 2011-63115 |
| Matter Code | D |
| Commencement Date | 5/8/2014 2:30:23 PM |
| Case Type | FC- COMPLAINT IN DIVORCE. |
| PFA Number | |
| Caption Plaintiff | RAMOS, MARIA |
| Caption Defendant | RUGLIANCICH, JUAN SR |
| Lis Pendens Indicator | No |
| Status | 1 |
| Judge | Robert O. Baldi |
| Parcel Number | |
| Remarks | COMPLAINT IN DIVORCE. |
| Sealed | No |
| Consolidated | No |

## Plaintiffs

| Name | Address | Counsel | Notify | Sequence | ProSe |
|---|---|---|---|---|---|
| RAMOS, MARIA | 2598 DANIELS LANE QUAKERTOWN, PA 18951 UNITED STATES | Marshall, William Paul | Yes | 1 | |

## Defendants

| Name | Address | Counsel | Notify | Sequence | ProSe |
|---|---|---|---|---|---|
| RUGLIANCICH, JUAN C SR | 179 CROCUS CT QUAKERTOWN, PA 18951 UNITED STATES | | Yes | 1 | |

## Docket Entries

| Seq. | Filing Date | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|
| 0 | 5/8/2014 2:30:23 PM | COMPLAINT IN DIVORCE. | No | 10547722 |
| 40 | 10/3/2014 9:31:28 AM | MOTION FOR SANCTIONS AND TO COMPEL ANSWERS TO INTERRIGATORIES & REPONSES TO REQ FOR PRODUCTION OF DOCUMENTS FILED BY PLTF. | No | 10682649 |
| 41 | 10/3/2014 9:32:40 AM | AFFIDAVIT OF SERVICE BY FIRST CLASS MAIL A COPY OF PLTF'S MOTION FOR SANCTION & TO COMPEL ANSWERS TO DEFT. | No | 10682650 |
| 50 | 8/13/2015 8:35:02 AM | MOTION FOR SANCTIONS FILED BY PLAINTIFF. | No | 10956362 |
| 51 | 8/18/2015 1:46:48 PM | ORDER FOR HEARING FILED. HEARING FIXED FOR 10/15/15 AT 10AM IN CTRM 360. | No | 10959818 |
| 52 | 10/14/2015 10:09:04 AM | AFFIDAVIT OF SERVICE BY MAIL, SERVED A COPY OF THE ORDER FOR COURT SETTING A HEARING DATE ON PLTF'S SECOND MOTION FOR SANCTION AND TO COMPEL ANSWERS TO WRITTEN DISCOVERY VIA CERT MAIL. | No | 11008171 |
| 53 | 10/15/2015 12:49:29 PM | HEARING HELD AND ORDER ENTERED. MCGUFFIN/BURGER | No | 11009731 |
| 54 | 10/15/2015 3:56:31 PM | ORDER ENTERED, IT IS ORDERED, ADJUDGED AND DECREED THAT DEFT SHALL PROVIDE EITHER A SIGNED AND NOTARIZED COPY OF THE PROPERTY SETTLEMENT AGREEMENT TO THE OFFICE OF WILLIAM P. MARSHALL BY 4PM ON 11/4/15 OR FULL AND COMPLETE SIGNED COPIES OF THE FILED FEDERAL INCOME TAX RETURNS, SEE FILE FOR DETAILS. SIGNED JUDGE BRIAN T, MCGUFFIN. | No | 11015995 |

3/20/2017 7:34 PM

**EXHIBIT "B"**

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
FAMILY COURT DIVISION

- - -

MARIA RAMOS                          : NO. AO6-11-63115-D-39
                                     :
              V.                     : **TRANSCRIPT OF**
                                     :   **PROCEEDINGS**
                                     :
JUAN RUGLIANCICH                     :

- - -

BEFORE:   THE HONORABLE BRIAN T. McGUFFIN, J.

- - -

BUCKS COUNTY JUSTICE CENTER
COURTROOM NO. 330
DOYLESTOWN, PENNSYLVANIA

- - -

FRIDAY, JUNE 30, 2017

- - -

APPEARANCES:

WILLIAM MARSHALL, ESQUIRE

JULIE KALINKOS, ESQUIRE

JANE T. KASPERN BURGER, RPR, OFFICIAL COURT REPORTER

2

1          THE COURT:  Let's conference this case,

2     and see what we can get done today before

3     counsel has to be on his way.

4          (A brief recess was taken.)

5          THE TIPSTAFF:  Please remain seated for

6     His Honor.  Court is now back in session.

7          THE COURT:  In Marie Ramos versus Juan

8     Rugliancich -- that's the best I can do for

9     right now -- docketed at AO6, dash, 11, dash,

10     63115, dash, D, dash, 39, the Court has had an

11     opportunity to review the paperwork and

12     documentation that's been filed and have a

13     conference with counsel.

14          I think we have an understanding about

15     how we're going to proceed.  I'd like to state

16     on the record, first of all, that in the

17     conference Mr. Marshall helped to educate the

18     Court on the status of a bankruptcy matter.  Is

19     that case -- which bankruptcy court is that in,

20     sir?

21          MR. MARSHALL:  United States District

22     Court, Bankruptcy Court, for the Eastern

23     District of Pennsylvania.

24          THE COURT:  In Philadelphia?

25          MR. MARSHALL:  It is a Philadelphia

3

1    venue; that is correct.

2         THE COURT:  And essentially what's

3    going on here is there's some petitions pending

4    here in Bucks County, in an effort to try to

5    get these folks divorced and to deal with the

6    enforcement of a property settlement agreement.

7         The reality of the situation is that

8    Wife has filed for bankruptcy relief.  And our

9    Court, the Bucks County Court of Common Pleas,

10   respects that the Bankruptcy Court needs some

11   time to address those issues.

12        Mr. Marshall, if I understand it

13   correctly, you have a date in Bankruptcy Court.

14   What's that date?

15        MR. MARSHALL:  It was August 10, I

16   believe.  It's now August 17, but I do know

17   that it is an August date for plan

18   confirmation.

19        THE COURT:  And so, as I understand it,

20   if your client's request for confirmation of

21   the plan is granted, then that would allow your

22   client the opportunity to potentially save this

23   house.  And we would then need -- we might need

24   relief from the stay provisions in Bankruptcy

25   Court to address the economic issues in this

4

1    divorce case.

2          If her Petition is dismissed, then for

3    all practical purposes the stay is done, and we

4    can just come back here and deal with the

5    divorce issues.

6          Is that fair to say, Mr. Marshall?

7          MR. MARSHALL:  If the bankruptcy case

8    is dismissed, it terminates the bankruptcy,

9    which then frees us up, without a stay, to

10   finalize this divorce expeditiously.

11         THE COURT:  If it's confirmed, there's

12   a chance that the stay might prevent us from

13   finalizing the divorce action.  And if that's

14   the case, then you have a potential remedy of

15   seeking a stay -- I'm sorry -- that the stay be

16   lifted, at least for purposes of concluding the

17   divorce.

18         MR. MARSHALL:  Any party that's

19   impacted by the stay may apply or make an

20   application to the Court in Bankruptcy for

21   relief from that stay.  That is accurate, yes,

22   Your Honor.

23         THE COURT:  So we've reached kind of an

24   understanding about how we're going to proceed.

25   So that we're clear, my view is that what we

5

1   did today doesn't really violate anything.   It

2   wasn't meant to.   I can say that to the

3   Bankruptcy Court.

4         The idea here is we're trying to get a

5   determination about how we can move this

6   divorce forward to its ultimate conclusion,

7   while also respecting the Bankruptcy Court's

8   need to address its issues, so we're going to

9   wait.   We're going to wait and see what happens

10  in August.

11        The understanding is that if the

12  Bankruptcy Petition is confirmed and if a

13  relief from the stay is required to address the

14  divorce issues, that Mr. Marshall will file a

15  or may file a Petition to request that relief.

16  And any costs that accompany the Petition,

17  which are in the range of $180, would be split,

18  in that Husband would pay half and Wife would

19  pay half to get that done.

20        If the Petition's dismissed, then

21  Mr. Marshall will just move forward

22  expeditiously with this proceeding.   You can

23  actually just file a precipe to transmit the

24  record with accompanying property settlement

25  agreement, and the case will be done.

1    There may be one outstanding issue that

2    the Court needs to address, which is the idea

3    of how long would Wife have to get Husband's

4    name off the mortgage.

5        We don't know if that will even be a

6    viable -- that issue might be moot, depending

7    on what the Bankruptcy Court decides.  So we'll

8    figure that out when the time comes.  And if we

9    need to schedule a hearing on that, we will.

10       Does that all make sense?

11       MS. KALINKOS:  Yes, Your Honor.

12       MR. MARSHALL:  It does, except I do not

13   have authority from my client to agree to the

14   fee split.  I do understand it to be a

15   reasonable proposal, but I do not have

16   authority to agree to that.

17       THE COURT:  I understand.  To the

18   extent that if I have the power at some point

19   to do it, I'll do it, but I don't -- again, I

20   don't want to step on the toes of the

21   Bankruptcy Court at this time.

22       MS. KALINKOS:  I do want to clarify, so

23   if the Bankruptcy Petition is confirmed, is the

24   agreement here between the Parties that

25   Mr. Marshall will be filing the Petition to

7

1    lift the stay, with the issue of the costs
2    depending on what his client says?
3            THE COURT:  I think the
4    understanding --
5            MR. MARSHALL:  Since you're not
6    licensed in Bankruptcy Court, I think I'm the
7    only one that would be able to do that.
8            MS. KALINKOS:  Well, I just want to
9    clarify.  Your Honor is stating that you may
10   file.  And I just want to know if that's
11   something --
12           THE COURT:  Well, I thought he also
13   talked about the possibility of talking to the
14   clerk and seeing if there's a way that the
15   Judge might just allow you guys to go forward
16   with a settlement.
17           MR. MARSHALL:  Yes.
18           THE COURT:  Let's put it this way:  I'm
19   expecting that Wife will move forward
20   expeditiously to get this bankruptcy matter
21   resolved, so that we can get the divorce case
22   resolved.
23           MR. MARSHALL:  I'm in agreement with
24   that.
25           THE COURT:  Great.  If it's dismissed,

8

1   that solves our issues -- doesn't help Wife

2   much -- but it solves our divorce issues here.

3   We'll be right back in divorce court and

4   getting this thing finalized, or you might just

5   file a precipe to transmit.  And if I need a

6   hearing about --

7         MS. KALINKOS:  Well, I think if it's

8   dismissed then it's a moot point, because the

9   house is gone, correct?

10        MR. MARSHALL:  The house -- yes --

11        THE COURT:  If it's granted, then we

12   have to -- we might have to come back.  If it's

13   granted, and if the Judge won't deal with the

14   issue that allows us to resolve the case on the

15   side, so to speak, then the direction of this

16   Court would be we would want you to file the

17   request for relief from the stay.

18        My view is that those costs should be

19   split.  If that becomes an issue, we'll figure

20   it out.  But we want to move the case forward.

21   That's the point.

22        MR. MARSHALL:  Agreed.

23        MS. KALINKOS:  Thank you, Your Honor.

24        THE COURT:  Everybody understood?

25        MS. KALINKOS:  Yes.

9

1          MR. MARSHALL:  Yes.

2          THE COURT:  Mr. Marshall, you are

3     excused, sir.

4          MR. MARSHALL:  Thank you, Your Honor.

5          MS. KALINKOS:  Thank you, Your Honor.

\* \* \*

## CERTIFICATION

       I hereby certify that the proceedings, evidence, and rulings are contained fully and accurately in the notes taken by me, in the trial of the above cause, and that this copy is a correct transcript of the same.


_____
Jane T. Kaspern Burger
Registered Professional Reporter
Official Court Reporter


DATED:  _____


The foregoing transcript of the proceedings before me is hereby approved and certified.


_____
BRIAN T. McGUFFIN, JUDGE


DATED:  _____

**EXHIBIT "C"**

https://hostingmail.earthlink.net/#/mail/list/ms

## Ramos v. Rugliancich

From: "Julie Kalinkos" <jdk@kalinkoslaw.com>
Date: 03/22/2017 04:28PM
To:    wpmlawoffice@aol.com
Bcc:   rugliancich03@gmail.com

Dear Mr. Marshall,

This will confirm our conversation of today wherein it was agreed that you would send me a fully executed copy of the Property Settlement Agreement in this case along with the Quitclaim Deed for Mr. Rugliancich's signature. Please be sure to mail these documents using my P.O. Box 611, Quakertown, PA 18951 address.

In addition, it was agreed that you will immediately contact your client's bankruptcy trustee to get approval for finalization of the divorce in this matter.  Upon receipt, you will then prepare and file the Praecipe to Transmit Record for entry of the divorce decree.

Thank you for your courtesy and cooperation.

Julie D. Kalinkos, Esq.
Kalinkos Law Offices
441 South West End Boulevard
P.O. Box 611
Quakertown, PA 18951

Phone: 215-536-2844
Fax: 215-536-8058

www.kalinkoslaw.com

https://hostingmail.earthlink.net/#/mail/list/ms

## Ramos v. Rugliancich

From: "Julie Kalinkos" <jdk@kalinkoslaw.com>

Date: 04/06/2017 05:10PM

To:  wpmlawoffice@aol.com

Bcc: rugliancich03@gmail.com

Hello Mr. Marshall,

As you will recall, in court on March 22nd, you stated that the delay in this matter
was due to the fact that my client had not signed the deed.  I told you that he had
never received the deed and that he was anxious to resolve this matter.  You assured
me that you would immediately forward the deed to me for Mr. Rugliancich's signature
as well as a signed copy of the Property Settlement Agreement.  I emailed you that
evening to confirm this discussion.

It has now been more than 2 weeks and I have still not received the deed or the signed
Agreement.  I have called your office twice but was told you were in court.  Please
advise as soon as possible as to the status of this matter.  If you prefer, you can
email the deed and signed Agreement.  Also, please let me know the position of the
Bankruptcy trustee regarding finalization of this divorce.

Your immediate attention is appreciated.  Thank you.

Julie D. Kalinkos, Esq.
Kalinkos Law Offices
441 South West End Boulevard
P.O. Box 611
Quakertown, PA 18951

Phone: 215-536-2844
Fax: 215-536-8058

www.kalinkoslaw.com

**EXHIBIT "D"**

# KALINKOS LAW OFFICES

441 South West End Boulevard
P.O. Box 611
Quakertown, Pennsylvania 18951
Telephone: (215) 536-2844
Fax: (215) 536-8058

John B. Kalinkos, Esquire, jbk@kalinkoslaw.com
Julie D. Kalinkos, Esquire, jdk@kalinkoslaw.com

Please reply to:
P.O. Box 611
Quakertown, Pennsylvania 18951

**VIA FAX ONLY: 215-491-7653**

June 8, 2017

The Honorable Brian T. McGuffin
Bucks County Justice Center
100 N. Main Street
Doylestown, PA 18901

       RE:  Ramos v. Rugliancich
           Docket No. 2011-63115

Dear Judge McGuffin:

     As I believe you are aware, this office represents Juan Rugliancich in the above referenced matter and William Marshall, Esquire represents Maria Ramos. I was out of the office yesterday and when I returned this morning I became aware that Mr. Marshall had written to you yesterday regarding the Motion filed by my office which is scheduled for hearing before you on June 30th.

     Before I respond to Mr. Marshall's letter to you, I would like to place my objection to his making argument by way of his correspondence. If Mr. Marshall wishes to defend his client's failure to finalize this divorce by reason of an alleged bankruptcy proceeding, he may do so in his response and argument before the Court on June 30th. It should be noted that the Property Settlement Agreement was signed in November 2015 and it is alleged that Ms. Ramos filed for bankruptcy in the Fall of 2016. Therefore the breach and unreasonable delay cannot be attributed to any bankruptcy stay. My client is entitled to an opportunity to be heard on these issues.

     On a related note, while Mr. Marshall alleged in conversation that his client had filed for bankruptcy, he has never provided documentation of such, thereby rendering it impossible for my client to seek relief. More importantly, Mr. Marshall stated, as documented by my email to him of March 22, 2017, (copy enclosed), that he was going to seek relief from any stay in the bankruptcy proceeding. At a minimum, my client is entitled to seek relief from the Court to compel Ms. Ramos to take action on this matter.

     In conclusion, it is respectfully requested that this matter be allowed to remain on the calendar and be heard on June 30, 2017. Thank you for your time and attention.

                         Very truly yours,

                         Julie D. Kalinkos

cc:  William Marshall, Esquire (via fax only 215-997-9611)
     Juan Rugliancich

**EXHIBIT "E"**

William P. Marshall, Esquire
P.O. Box 267
Colmar, PA 18915



Julie D. Kalinkos, Esquire
Kalinkos Law Offices
441 South West End Boulevard
P.O. Box 611
Quakertown, PA 18951

18951-061iii

# LAW OFFICE OF WILLIAM P. MARSHALL

P.O. Box 267
3101 Trewigtown Road
Colmar, Pennsylvania 18915
(215) 997-6040
(215) 997-9611 Facsimile
wpmlawoffice@aol.com

July 18, 2017

Via Facsimile ~~215.536.2844~~ and
Regular Mail

Julie D. Kalinkos, Esquire
Kalinkos Law Offices
441 South West End Boulevard
P.O. Box 611
Quakertown, PA 18951

      Re:   Ramos v.Rugliancich
              Bucks Co. CCP No. 2011-63115

Dear Ms. Kalinkos:

      I write regarding several issues. First, the tax return that you sent to me is not signed. Whether mailed or efiled, a valid copy of an IRS return must be signed. Kindly rectify this problem by providing me with a signed copy of the return.

      Second, when we were in court, you made reference to Father taking the children to Florida. From the discussion that we had, albeit brief, I was under the impression that this was for a vacation. My client has advised me that your client has moved to Florida permanently. She further indicated that Father is already in Florida.

      My client's efforts to clarify this information with Father resulted in him advising that you need to be contacted about this. So, I am doing so. The information that I asked my client to obtain relating to this trip is as follows:

      a written confirmation that the children will returning to Pennsylvania
      the mode of transportation and the name of the adult accompanying the children both on the trip down and the return trip since Father is already in Florida
      address information and telephone number where the children will be while in Florida
      an agreed time for daily phone contact with the children while they are away
      an itinerary - date of departure, where they will be from day to day, and when the children will be returning

Julie D. Kalinkos, Esquire
July 18, 2017
Page 2

Related to this is the contention that your client has a court order that has authorized this trip. Father claimed the Order requires the children to be turned over to him on July 20, 2017. The docket entries do not appear to support this contention. Would you be so kind to provide me with this Court order as he has refused to provide the same to Maria.

Finally, as I stated while we were in court, I believe that the automatic stay was violated by the appearance of June 30, 2017. I will allow the bankruptcy court to decide this because if I am wrong, then there is no basis to refrain from transferring the property and concluding the divorce. A copy of the filed motion is enclosed with the hard copy of the letter. Thank you for your courtesies and attention in this regard.

Very truly yours,

William P. Marshall

WILLIAM P. MARSHALL

WPM/pl
Enclosure
cc:    Ms. Maria Ramos w/o encl.