**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In Re:  Maria Del Carmen Ramos | ) | |
| | ) | Case No.: 16-14859 |
| | ) | |
| Debtor | ) | Chapter:    13 |

**DEBTOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Debtor, Maria Del Carmen Ramos, by and through her counsel, William P. Marshall, Esquire avers as follows in support of the motion for Relief from the Automatic Stay as to a pending divorce action in the Court of Common Pleas of Bucks County, Pennsylvania captioned, <u>Ramos  v. Rugliancich</u>, and indexed at Bucks Co. CCP No. 2011-63115 which includes finalizing the property settlement agreement between the parties and the transfer of the real property located at 2598 Daniels Lane, Quakertown, Pennsylvania, 18915**:**

1. Debtor commenced this action seeking protection from this Court relating to the assets and liabilities of the estate on June 25, 2016.

2. The form of the Petition was single, not joint, and sought to have the debtor reorganize her obligations pursuant to Chapter 13 of the Code.

3. The co-debtor, was Juan Rugliancich, Sr. was identified in the bankruptcy as a co-debtor on various obligations which includes real property located at 2598 Daniels Lane, Quakertown, Bucks County, Pennsylvania 18951.

4. The aforesaid real property remains property of the bankruptcy estate as of this time as there has not been confirmation of the Debtor's Chapter 13 Plan.

5. Further, the aforesaid real property is subject to a secured creditor claim held by U.S National Bank as the Trustee for the Pennsylvania Housing Finance Agency.

6. At the time of the filing of the voluntary Chapter 13 petition, there was a divorce action pending in the Court of Common Pleas of Bucks County, Pennsylvania captioned, <u>Ramos v. Rugliancich</u>, and indexed at Bucks Co. CCP No. 2011-63115, which the debtor has identified in the statement of affairs.

5. Before the filing of the Bankruptcy Petition, the parties to the divorce action entered into a property settlement agreement relating to marital debts and marital assets arising from the marriage.

6. One of the marital assets that the parties agreed to transfer as it related to the divorce action was the aforesaid real property located at 2598 Daniels Lane, Quakertown, Pennsylvania, 18915.

7. Specifically, the parties' divorce action property settlement agreement provided that "the marital real property located at 2598 Daniels Lane, Bucks County, Quakertown, Pennsylvania, 18951 shall be transferred to the Wife by Husband executing a deed conveying said property within ten (10) days from the date that the Praecipe to Transmit the Record is filed with the Court to conclude the divorce action."

8. Wife as identified above is the Debtor to the pending Chapter 13 Petition.

9. The relief afforded by the Automatic Stay precludes the parties from finalizing the divorce action with its equitable distribution component in the state court action absent obtaining relief from the Automatic Stay.

10. It is believed that relief from the automatic stay as it relates to the pending divorce action will neither adversely impact the bankruptcy estate nor the creditor that holds an interest in the real estate to be transferred if the Court grants relief from the stay.

WHEREFORE, it is respectfully requested that the Honorable Court grant relief from the Automatic Stay as to the pending divorce action in the Court of Common Pleas of Bucks County, Pennsylvania captioned, <u>Ramos  *v*. Rugliancich</u>, and indexed at Bucks Co. CCP No. 2011-63115 which includes finalizing the property settlement agreement between the parties and the  transfer of the real property located at 2598 Daniels Lane, Quakertown, Pennsylvania, 18915**.**

          Respectfully submitted:

By:   <u>s/ *William P. Marshall*</u>
       WILLIAM P. MARSHALL, ESQUIRE
       Attorney for Debtor,
       Maria Del Carmen Ramos