### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Maria Del Carmen Ramos <br>       <u>Debtor</u> | CHAPTER 13 |
| U.S. Bank National Association (Trustee for the Pennsylvania Housing Finance Authority) <br>       <u>Movant</u> <br>   vs. | NO. 16-14859 AMC |
| Maria Del Carmen Ramos <br>       <u>Debtor</u> | 11 U.S.C. Section 362 |
| William C. Miller <br>       <u>Trustee</u> | |

### **STIPULATION**

WHEREAS, the Debtor did not make any post-petition payments toward the mortgage held by the Movant on Debtor's residence from the date of the bankruptcy filing on July 8, 2016 until the Debtor made her first post-petition payment on April 17, 2017

WHEREAS, beginning April 17, 2017, the Debtor resumed making monthly mortgage payments to the Movant and has made monthly payments for each of the months of April 2017 through December 2017, totaling $8,366.00 (for the month of May 2017 the Debtor paid $99.00 more than the contractual amount owed for May 2017, and for each of the months of July 2017 through October 2017, the Debtor paid $1.00 less than the contractual amount owed);

WHEREAS, the Movant has applied each of the aforesaid payments made by the Debtor to the earliest post-petition contractual due date remaining unpaid, starting with the contractual payment due for April 1, 2014;

NOW THEREFORE, it is hereby stipulated and agreed by and between the undersigned as follows:

1.  The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$9,878.86,** which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | May 2017 through October 2017 at $1,051.00/month <br> November 2017 through December 2017 at $1,030.00/month |
| Less Suspense Balance: | $251.00 |
| Late Charges (x 7 months): | $230.86 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$9,878.86** |

2.     The Debtor shall cure the aforesaid arrearage in the following manner:

a). Within seven (7) days of the Court Order approving of and/or granting this stipulation, Debtor shall file a motion to modify the Chapter 13 Plan to provide for payment of the post-petition arrears of **$9,878.86** through the Plan, in addition to the pre-petition arrears;

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$9,878.86**, plus the pre-petition arrears;

c). The 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3.     Beginning with the payment due January 1, 2018 and continuing thereafter, Debtor shall maintain, and pay when due, the regular contractual post-petition monthly mortgage payment of $1,030.00 (or as adjusted under the terms of the mortgage), which payment is due on or before the first (1st) day of each month (with late charges assessed after the 15th of the month).

4.     Should Debtor provide sufficient proof of payments made (front & back copies of cancelled checks and/or money orders), but not credited, Movant shall adjust the account accordingly.

5.     In the event that the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting Movant relief from the automatic stay as to the mortgaged property, and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to said Order. The Order shall be in the form set forth in the proposed order filed by the Movant with its instant Motion for Relief, or in a form substantially similar. ("Movant" in this paragraph and hereinafter refers to Movant or any of its successors or assignees, should the claim be assigned or transferred.)

6.     If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.    The parties agree that a facsimile signature shall be considered an original signature.

Date:    January 12, 2017          By: /s/ Kevin G. McDonald, Esquire
                                   Kevin G. McDonald, Esquire
                                   KML Law Group, P.C.
                                   701 Market Street, Suite 5000
                                   Philadelphia, PA 19106-1532
                                   (215) 627-1322 FAX (215) 627-7734
                                   Attorneys for Movant


Date: 1/15/2018

                                   William P. Marshall
                                   Attorney for Debtor


Date: 1-16-18

                                   William C. Miller
                                   Chapter 13 Trustee


Approved and SO ORDERED by the Court this 23rd day of _____January_____, 2018.

However, the court retains discretion regarding entry of any further order.


                                   Bankruptcy Judge
                                   Ashely M. Chan